THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| FRANK ROY, <br><br>　　Plaintiff, <br><br>　　　v. <br><br>MORGAN PROPERTIES, <br><br>　　Defendant. | Civil Action No. <br> 18-11801 (RMB/AMD) |
| FRANK ROY, <br><br>　　Plaintiff, <br><br>　　　v. <br><br>UPS STORE, et al., <br><br>　　Defendants. | Civil Action No. <br> 18-11802 (RMB/AMD) |
| FRANK ROY, <br><br>　　Plaintiff, <br><br>　　　v. <br><br>CHERRY HILL HOSPITALITY trading as WOOD SPRING SUITES, <br><br>　　Defendant. | Civil Action No. <br> 18-11803 (RMB/AMD) |

| | | |
|---|---|---|
| FRANK ROY, | : | Civil Action No. |
| | : | 18-11804 (RMB/JS) |
|     Plaintiff, | : | |
| | : | |
|         v. | : | |
| | : | |
| HOMESITE INSURANCE COMPANY, | : | |
| | : | |
|     Defendant. | : | |

| | | |
|---|---|---|
| FRANK ROY, | : | Civil Action No. |
| | : | 18-11805 (RMB/JS) |
|     Plaintiff, | : | |
| | : | |
|         v. | : | |
| | : | |
| LORI C. GREENBERG AND ASSOCIATES, | : | |
| | : | |
|     Defendants. | : | |

| | | |
|---|---|---|
| FRANK ROY, | : | Civil Action No. |
| | : | 18-11807 (RMB/KMW)) |
|     Plaintiff, | : | |
| | : | |
|         v. | : | |
| | : | |
| HANOVER INSURANCE AGENCY, | : | |
| | : | |
|     Defendant. | : | |

| | | |
|---|---|---|
| FRANK ROY, | : | Civil Action No. |
| | : | 18-11808 (RMB/KMW) |
|     Plaintiff, | : | |
| | : | |
|         v. | : | |
| | : | |
| ASSURANT INSURANCE COMPANY, | : | |
| | : | |
|     Defendant. | : | |

| | |
|---|---|
| FRANK ROY, | Civil Action No. |
| Plaintiff, | 18-11809 (RMB/KMW) |
| v. | |
| EDWIN OLIVERA, | |
| Defendant. | |

| | |
|---|---|
| FRANK ROY, | Civil Action No. |
| Plaintiff, | 18-11812 (RMB/AMD) |
| v. | |
| SLOAN INSURANCE COMPANY, | |
| Defendant. | |

| | |
|---|---|
| FRANK ROY, | Civil Action No. |
| Plaintiff, | 18-11813 (RMB/AMD) |
| v. | |
| TRAVELERS INSURANCE AGENCY, | **MEMORANDUM ORDER** |
| Defendant. | |

Plaintiff Frank Roy (the "Plaintiff") initiated the above actions. Pursuant to 28 U.S.C. § 1915(e)(2), the Court must preliminarily screen in forma pauperis filings, and must dismiss any filing that is frivolous or malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. The Court has reviewed Plaintiff's Complaints and finds that they fail to convince this Court that it has subject matter jurisdiction.

If Plaintiff is seeking to bring each of these matters in front of the Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, Plaintiff must properly allege the citizenship of each defendant. Pursuant to § 1332, the matter in controversy must be between "citizens of different states" and the citizenship of each party must be alleged specifically. See S. Freedman & Co. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006) (holding that citizenship is to be alleged "affirmatively and distinctly").[1] The Court notes that for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state where it has been incorporated and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1), and the matter in controversy must exceed "the sum or value of $75,000. . . ." Moreover, with respect to natural persons, the Court notes that residency is not tantamount to citizenship. McCann v. Newman Irrevocable Tr., 458 F.3d 281,

---

[1] Complete diversity is required. That is, "the citizenship of *each* plaintiff [must be] diverse from the citizenship of *each* defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (emphasis added).

286 (3d Cir. 2006). Finally, while courts "generally accept a party's good faith allegation of the amount in controversy," "where . . . the court challenges the . . . allegations regarding the amount in question, the [party] who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims." Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995) (citation omitted).

This Court also has subject matter jurisdiction when a federal question is presented. 28 U.S.C. § 1331. To the extent Plaintiff is alleging a constitutional violation, he must allege that the defendant acted "under color" of state law; 42 U.S.C. § 1983 is the vehicle. "[C]onduct satisfying the state action requirement of the Fourteenth Amendment satisfies [Section 1983's] requirement of action under color of state law." Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 n.18 (1982). "Like the state action requirement of the Fourteenth Amendment, the under color of state law element of § 1983 excludes from its reach '"merely private conduct, no matter how discriminatory or wrongful."'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948))). Liability under Section 1983 "attaches only to those wrongdoers

5

'who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.'" National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (quoting Monroe v. Pape, 365 U.S. 167, 172 (1961)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).

"[T]o act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting see [sic] 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970); United States v. Price, 383 U.S. 787, 794 (1966)); see also, Abbott v. Latshaw, 164 F.3d 141, 147-48 (3d Cir. 1998). "[A]n otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal

rights." Tower v. Glover, 467 U.S. 914, 920 (1984) (citing Dennis, 449 U.S. at 27 28). Plaintiff has failed to allege joint action under color of state law in each action.

ACCORDINGLY, IT IS HEREBY on this **8th** day of **August** **2018**,

**ORDERED** that each Complaint is dismissed without prejudice, but that within thirty (30) days of the date of entry of this Order, Plaintiff shall file amended complaints curing, if possible, the deficiencies identified above under Rule 8(a)[2] in each action; and

IT IS FURTHER **ORDERED** that if Plaintiff fails to file such amended complaints within thirty (30) days of the date of entry of this Order, Plaintiff's complaints in the above-captioned matters will remain dismissed by the Court for lack of subject matter jurisdiction.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

---

[2] See Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.").